# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Fort Lauderdale Division

FILED BY MCO D.C.

OCT 30 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Dominique Alexis

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

SIGNATURE FLIGHT SUPPORT LLC, individually and doing business as SIGNATURE AVIATION

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. ____________________

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Dominique Alexis |
| Street Address | 7840 SW 86th Street, Unit 20 |
| City and County | Miami and Miami-Dade |
| State and Zip Code | Florida and 33143 |
| Telephone Number | 402-505-1585 |
| E-mail Address | dalexis96@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SIGNATURE FLIGHT SUPPORT LLC |
| Job or Title *(if known)* | individually and doing business as SIGNATURE AVIATION |
| Street Address | 13485 Veterans Way, Suite 600 |
| City and County | Orlando and Orange |
| State and Zip Code | Florida and 32827 |
| Telephone Number | 407-648-7200 |
| E-mail Address *(if known)* | legalnotices@signatureaviation.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Signature Aviation |
| Street Address | 4050 SW 11th Terrace |
| City and County | Fort Lauderdale and Broward |
| State and Zip Code | Florida and 33315 |
| Telephone Number | 954-359-0000 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

42 U.S.C. § 1981 (Race & Retaliation)

☒ Relevant state law *(specify, if known)*:

Florida Civil Rights Act

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: Harassment/Hostile Work Environment, unequal scheduling, denial of lunch privileges, and denial of transfer request.

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

December 5, 2025

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☒ race Black
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* ________ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

I am a Black former employee of Signature Flight Support LLC, doing business as Signature Aviation, where I worked as a Guest Experience Specialist from October 2023 to January 2024, and rehired from October 2024 until my termination on January 5, 2026.

I believe my employer discriminated against me because of my race and retaliated against me for reporting discrimination to Human Resources. On December 5, 2025, I complained to HR about unequal scheduling, less favorable treatment compared with Hispanic and White employees, workplace harassment, and conduct by management that I believed was discriminatory. My concerns were not fully investigated or resolved.

On or about December 12, 2025, my manager, Kristian Azoy, allegedly stated in the presence of a coworker, "I don't like working with non Hispanics because I don't know how to handle them." After my HR complaint, I experienced increased scrutiny, micromanagement, scheduling difficulties, and isolation from coworkers. On December 27, 2025, my request to transfer to a different base was denied. I believe other employees of different races received more favorable treatment regarding scheduling and transfers.

On January 5, 2026, my employment was terminated. My employer cited "overall poor performance," alleged workplace conflicts, and alleged teamwork issues. I dispute these allegations and believe the stated reasons were pretextual. I had been approved to transition to full-time employment in October 2025, shortly before the events leading to my termination.

I filed EEOC Charge No. 510-2026-02059 and received a Notice of Right to Sue on August 24, 2026. I seek relief for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, including back pay, future lost earnings where legally available, emotional distress damages where legally available, and other appropriate relief.

See attached additional pages of Statement of Claim, incorporated herein. See attached EEOC charge of discriminiation.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

December 6, 2025

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 8/24/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff respectfully requests that the Court:
A. Enter judgment in Plaintiff's favor on any claims proven at trial;
B. Award back pay and lost employment benefits as permitted by law and supported by the evidence;
C. Award future lost earnings or front pay where legally available and supported by the evidence;
D. Award compensatory damages of $50,000 for emotional distress and other legally compensable harm, subject to applicable statutory limits;
E. Award allowable costs and any other relief authorized by law; and
F. Grant any other relief the Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ____________

Signature of Plaintiff ____________________

Printed Name of Plaintiff Dominique Alexis

### B. For Attorneys

Date of signing: ____________

Signature of Attorney ______________________________

Printed Name of Attorney ______________________________

Bar Number ______________________________

Name of Law Firm ______________________________

Street Address ______________________________

State and Zip Code ______________________________

Telephone Number ______________________________

E-mail Address ______________________________

**Attachment to Pro Se 7 — Statement of Claim Dominique Alexis v. Signature Flight Support LLC**

## V. FACTUAL ALLEGATIONS

### A. Plaintiff's employment

18. Plaintiff is Black.

19. Plaintiff began working for Defendant in October 2023, then rehired in October 2024 as a Guest Experience Specialist.

20. Plaintiff initially worked part-time.

21. In October 2025, Defendant approved Plaintiff's transition to full-time employment.

22. Plaintiff alleges that this approval is relevant to Defendant's subsequent characterization of Plaintiff's performance as generally poor.

### B. Scheduling and unequal treatment

23. Beginning around late November 2025, Plaintiff experienced increasing problems concerning scheduling and workplace treatment.

24. Plaintiff alleges that Plaintiff was scheduled outside Plaintiff's stated availability, including Friday evenings, while Hispanic employee Lauren Daley and White employee Linda Donnelly were permitted to have their scheduling preferences accommodated.

25. Management later explained that certain scheduling changes were necessary because an employee was not badged.

26. Plaintiff questioned whether this explanation was applied consistently because Plaintiff observed that the same employee was permitted to work alone while unbadged.

27. Plaintiff alleges that coworkers stood over or behind Plaintiff's computer and workstation while Plaintiff was working.

28. Plaintiff states that Plaintiff documented these incidents and raised concerns about them with management or Human Resources.

29. Plaintiff alleges that Lauren Daley discussed Plaintiff with coworker Melany Verastgui and that Melany later informed Plaintiff about the discussion.

30. Plaintiff also alleges that employees of other races were permitted to leave the workplace for lunch while Plaintiff was denied the same privilege.

31. Plaintiff contends that these scheduling, lunch, and workplace differences reflected less favorable treatment because of race.

**C. December 5, 2025 Human Resources complaint**

32. On December 5, 2025, Plaintiff complained to Human Resources about suspected discrimination, retaliation, a hostile and intimidating working environment, scheduling discrepancies, and unequal treatment.

33. Plaintiff specifically complained that Plaintiff was being scheduled outside Plaintiff's availability while Hispanic and White employees had their scheduling preferences accommodated.

34. Plaintiff also complained about Manager Kristian Azoy, including his alleged frequent micromanagement, standing behind Plaintiff's workstation, and emailing Plaintiff about not being at the computer when a computer was unavailable.

35. Plaintiff raised concerns about coworkers standing over or behind Plaintiff's workstation and about receiving less favorable treatment than employees of other races.

36. On December 5, 2025, Plaintiff received a final attendance warning concerning an attendance issue dated November 9, 2025. The warning brought Plaintiff's attendance points to eight.

37. Plaintiff asks that the timing of the warning be considered alongside the December 5 complaint and the subsequent employment events.

38. Plaintiff alleges that the concerns raised in the HR complaint were not fully investigated or resolved before Plaintiff's termination.

**D. Events after the HR complaint**

39. Plaintiff alleges that, after the December 5 complaint, Plaintiff experienced increased scrutiny, micromanagement, scheduling problems, and isolation from coworkers.

40. On or about December 12, 2025, behind the front desk at the workplace, Manager Kristian Azoy allegedly stated in the presence of coworker Melany Verastegui: "I don't like working with non Hispanics because I don't know how to handle them."

41. Plaintiff understood this statement as reflecting racial or ethnic bias because Plaintiff is Black and Mr. Azoy was Plaintiff's manager.

42. Plaintiff alleges that Mr. Azoy continued to monitor Plaintiff, including standing behind Plaintiff's workstation and emailing Plaintiff about not being at the computer when a computer was unavailable.

43. Plaintiff also believed that Mr. Azoy and General Manager Christine Rosensteel were closely monitoring conversations Plaintiff had with coworkers.

44. Plaintiff alleges that Plaintiff had positive working relationships with coworkers, including Melany Verastegui, and disputes Defendant's later assertion that Plaintiff could not work as part of a team.

45. Plaintiff alleges that, after management became aware of Plaintiffs positive relationship with Ms. Verastegui, the two were scheduled together less frequently and Plaintiff was increasingly isolated and scheduled to work alone.

46. Plaintiff understood the workplace's front-desk procedures to require at least two employees.

47. On December 12, 2025, Plaintiff had a recorded telephone conversation with General Manager Christine Rosensteel concerning workplace and scheduling issues.

48. Plaintiff recalls that Ms. Rosensteel acknowledged scheduling discrepancies, discussed Plaintiffs concerns about the work environment, and agreed that Plaintiffs January 2026 schedule would accommodate Plaintiffs school commitments and that Plaintiff would be informed of scheduling changes going forward.

**E. Denied transfer**

49. On December 27, 2025, Plaintiff requested a transfer to a different base.

50. Defendant denied Plaintiffs transfer request.

51. Plaintiff alleges that Hispanic employee Laisa Checo had been permitted to transfer despite attendance and performance issues, while Plaintiffs transfer request was denied under circumstances Plaintiff believes were comparable.

52. Plaintiff contends that the transfer decision and the alleged differences in scheduling and workplace treatment are relevant to whether Defendant discriminated against Plaintiff because of race or retaliated against Plaintiff for complaining about discrimination.

**F. Termination on January 5, 2026**

53. On January 5, 2026, Defendant terminated Plaintiffs employment.

54. Defendant stated that Plaintiff was being terminated for "overall poor performance" and cited alleged workplace conflicts, disrespect toward three coworkers, failure to work as part of a team, and an alleged incident involving the General Manager on December 28, 2025.

55. Plaintiff disputes these allegations and contends that they do not accurately reflect Plaintiffs performance or working relationships.

56. Plaintiff alleges that Defendant approved Plaintiff's transition to full-time employment in October 2025, shortly before the period in which Defendant began relying on alleged performance problems.

57. Plaintiff contends that the termination occurred approximately one month after Plaintiff complained to Human Resources about discrimination and unequal treatment.

58. Plaintiff alleges that the timing of the termination, the alleged race-related statement by Mr. Azoy, the subsequent workplace treatment, the denied transfer, and the circumstances surrounding Defendant's stated reasons support Plaintiff's claims of race discrimination and retaliation.

**G. Evidence**

59. Plaintiff identifies potentially relevant evidence, including emails documenting complaints, scheduling records, communications concerning Plaintiff's full-time status, attendance and disciplinary records, transfer-related communications, and employment communications.

60. Plaintiff identifies Melany Verastegui as a potential witness to the alleged December 12, 2025 statement by Mr. Azoy, and other discriminatory acts witnessed against the Plaintiff.

61. Plaintiff also identifies a recording of the December 12, 2025 telephone conversation with Ms. Rosensteel as potentially relevant evidence.

62. Plaintiff requests that relevant records concerning Plaintiff's HR complaint, scheduling, staffing, transfers, discipline, communications between management and HR, and termination be preserved and produced as permitted by the applicable rules.

## VI. CLAIMS FOR RELIEF

### COUNT I — RACE DISCRIMINATION UNDER TITLE VII

63. Plaintiff incorporates paragraphs 1 through 62.

64. Plaintiff alleges that Defendant treated Plaintiff less favorably because Plaintiff is Black, including in scheduling, workplace treatment, transfer decisions, and ultimately termination.

65. Plaintiff relies on the alleged differences in treatment compared with Hispanic and White employees, the alleged statement by Plaintiff's manager, and the circumstances surrounding the termination as facts supporting an inference of race discrimination.

66. Plaintiff seeks relief for race discrimination to the extent established by the evidence and applicable law.

### COUNT II — RETALIATION UNDER TITLE VII

67. Plaintiff incorporates paragraphs 1 through 62.

68. On December 5, 2025, Plaintiff complained to Human Resources about suspected race discrimination and unequal treatment.

69. Plaintiff alleges that Defendant knew about this complaint.

70. Plaintiff alleges that, after the complaint, Plaintiff experienced increased scrutiny, scheduling difficulties, isolation, denial of a transfer, and termination.

71. Plaintiff contends that the timing and surrounding circumstances support an inference that Defendant took adverse employment actions because Plaintiff opposed conduct Plaintiff reasonably believed was discriminatory.

72. Plaintiff seeks relief for retaliation to the extent established by the evidence and applicable law.

**COUNT III — HOSTILE WORK ENVIRONMENT BASED ON RACE, TO THE EXTENT SUPPORTED BY THE EVIDENCE**

73. Plaintiff incorporates paragraphs 1 through 62.

74. Plaintiff alleges that the workplace conduct described in this Complaint, including the alleged race-related statement, monitoring, coworker conduct, and differences in treatment, contributed to a work environment Plaintiff experienced as hostile and intimidating.

75. Plaintiff seeks relief on this claim to the extent the facts and evidence establish the legal requirements for a hostile-work-environment claim under Title VII.

**IX. SIGNATURE**

Respectfully submitted,

Dominique Alexis
7840 SW 86th Street, Unit 20
Miami, FL 33143

Telephone: 402-505-1585

Email: dalexis96@gmail.com

Signature: ______________________________

Date: __________________________________